This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant David Chester Lowe has appealed from a judgment of the Summit County Common Pleas Court that found him to be a sexual predator. He has raised four assignments of error. This Court affirms the judgment of the trial court.
On July 29, 1994, defendant entered a plea of guilty to one count of rape and was sentenced by the Summit County Common Pleas Court. Defendant apparently videotaped himself performing sexual acts on a nine-year-old boy. On September 22, 1997, the trial court held a hearing to determine whether defendant should be classified as a sexual predator pursuant to Section 2950.09 of the Ohio Revised Code. On September 26, 1997, it issued its judgment, finding defendant to be a sexual predator. Defendant timely appealed to this Court.
Defendant's first assignment of error is:
The trial court erred when it found that Ohio RevisedCode Section 2950.09(C) was constitutional on its faceand did not violate the United States Constitutionprohibition against ex post facto laws and OhioConstitution prohibition against retroactive laws.
Defendant has asserted that, pursuant to Article I, Section 10, of the United States Constitution and Article II, Section28, of the Ohio Constitution, the legislature is prohibited from passing ex post facto laws and retroactive laws. He has argued that the registration requirements and community notification provisions of Section 2950.09 violate the prohibition against both ex post facto laws and retroactive laws because they affect substantive rights, constitute additional punishment, and are punitive in nature.
The Ohio Supreme Court has held that the requirements of Section 2950.09 do not violate the Retroactivity Clause of the Ohio Constitution or the Ex Post Facto Clause of the United States Constitution. See State v. Cook (1998), 83 Ohio St.3d 404, paragraphs one and two of the syllabus. Consequently, defendant's first assignment of error is overruled.
Defendant's second assignment of error is:
The trial court erred in not finding application of OhioRevised Code Section 2950.09(C) to individuals convictedof sexually oriented offenses prior to January 2, 1997,violates the Double Jeopardy clauses of theFifth Amendment to the United States Constitution, Section 10,Article One of the Ohio Constitution, and Ohio RevisedCode Section 2943.09, by establishing additionalpunishment for the same offense.
Defendant has argued that application of Section 2950.09 of the Ohio Revised Code to defendants convicted prior to its enactment date creates "multiple punishments for those individuals[.]" The Ohio Supreme Court has held, however, that the requirements of Section 2950.09 are not punitive in their effect. Cook,83 Ohio St.3d at 423. Section 2950.09 does not, therefore, constitute punishment. State v. Nuckols (Aug. 26, 1998), Wayne App. No. 97CA0076, unreported, at 17. Consequently, Section 2950.09 does not violate the Double Jeopardy clauses of either the United States Constitution or the Ohio Constitution and does not violate Section 2943.09 of the Ohio Revised Code. Id.; State v. DuVall
(Dec. 30, 1998), Lorain App. No. 97CA006863, unreported, at 7. Defendant's second assignment of error is overruled.
Defendant's third assignment of error is:
The trial court erred in not finding that Ohio RevisedCode Section 2950.09(C) is unconstitutionally vague insetting forth the criteria by which the trial courtdetermines which individuals are to be labeled as sexualpredators.
Defendant has argued that Section 2950.09 fails to provide a trial court with adequate standards to make a determination that a defendant is a sexual predator. He has claimed that the statute is void for vagueness. Contrary to defendant's assertion, this Court has previously held that Section 2950.09 of the Ohio Revised Code is not vague and provides sufficient standards to guide the trial courts. State v. Gropp (Apr. 8, 1998), Lorain App. No. 97CA006744, unreported, at 12-15. Defendant's third assignment of error is overruled.
Defendant's fourth assignment of error is:
The trial court erred in determining that the State metits' [sic] burden, by clear and convincing evidence,that [defendant] be classified as a sexual predator, asset forth in Ohio Revised Code Section 2950.09, therebyviolating the Due Process Clause of theFourteenth Amendment of the United States Constitution and Section10, Article I of the Constitution of the State of Ohio.
Defendant essentially has argued that there was insufficient evidence to support the trial court's determination that he is a sexual predator. He has also argued that the trial court was required to consider ten factors, pursuant to Section 2950.09 of the Ohio Revised Code, before it could adjudicate him to be a sexual predator, but that not all ten of those factors applied to him.
Defendant's argument lacks merit. The factors that a trial court must consider when making its sexual predator determination include: (1) the offender's age; (2) the offender's prior criminal record; (3) the age of the victim; (4) whether the sexually oriented offense for which sentence was imposed involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting; (6) whether the offender has completed his sentence for any prior criminal conviction or, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse; (9) whether the offender displayed cruelty or made one or more threats of cruelty during the commission of the crime; and (10) any additional behavioral characteristics that contributed to the offender's conduct. See Section 2950.09(B)(2) of the Ohio Revised Code.
The State is not required to demonstrate every factor in Section 2950.09(B)(2) of the Ohio Revised Code before a defendant can be adjudicated a sexual predator. Section 2950.01(E) of the Ohio Revised Code defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Rape is a sexually oriented offense. Section 2950.01(D) of the Ohio Revised Code.
In this case, the evidence showed that defendant was approximately 57 years old at the time of the offense and that his victim was a nine-year-old boy. Defendant was convicted of raping that boy. Defendant fondled the boy and inserted his finger into the boy's rectum. He also attempted to penetrate the child with his penis. Further, he attempted to have oral sex with the boy. Defendant videotaped the incident. In addition, it appeared as if the child had been drugged because he did not move when defendant fondled him.
The State presented evidence of several of the factors of Section 2950.09(B)(2). The trial court could reasonably conclude from that evidence that defendant was likely to engage in the future in one or more sexually oriented offenses. It did not err by determining defendant to be a sexual predator pursuant to Section 2950.09 of the Ohio Revised Code. Defendant's fourth assignment of error is overruled.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
FOR THE COURT
CARR, P. J.
QUILLIN, J.
CONCUR
(Cacioppo, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)